## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**SCOTT W. SPENCER**,

      **Petitioner,**                            **Case No. 2:16-cv-0411**

      **v.**                                  **JUDGE JAMES L. GRAHAM**
                                                  **Magistrate Judge Kemp**

**WARDEN, NOBLE CORRECTIONAL
INSTITUTION,**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner Scott W. Spencer, a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  He also moved for leave to proceed *in forma pauperis*.  That motion  (Doc. 1) is granted  This matter is now before the Court on its own motion pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides that the Court shall dismiss a habeas corpus petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief....".  For the reasons that follow, it will be recommended that the habeas corpus petition be **DENIED** and that this case be **DISMISSED.**

## I. Background

Petitioner challenges his conviction in the Delaware County, Ohio Court of Common Pleas on two counts of unlawful sexual conduct with a minor, in violation of Ohio R.C. §2907.04(A), which states:

> No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.

The facts relating to the case are fully described in the Fifth District Court of Appeals Opinion relating to this case, so they will be summarized here only briefly. *See State of Ohio v. Spencer*, 2016 WL 528056 (Delaware Co. App. Jan. 29, 2016).

On August 15, 2014, Petitioner (an attorney who, according to Ohio Supreme Court records, surrendered his law license in 2003) met and engaged in sexual conduct with a 14-year-old girl. He had met her on an adult website and, according to him, believed she was an adult. The pair were discovered by a park ranger at the Highbanks Metropark. The victim initially told the ranger that she was twenty years old, but later admitted that she was only fourteen. Petitioner was subsequently arrested and charged with the crime of unlawful sexual conduct with a minor.

The primary defense put forward at trial was that Petitioner's behavior was not "reckless" because he believed the victim when she told him she was an adult. He presented evidence that the victim had initiated the contact with him and told him that she was 19, and that she had turned 20 by the time they met on August 15, 2014. Petitioner asserts that the trial was delayed because the prosecutor failed to provide timely discovery to him about online and text communications between him and the victim which, he claims, supported his defense. Petitioner states that he objected to the delay of the trial and that his objection was overruled by the trial judge in open court.

-2-

(Doc. 1-5 at 7). The jury apparently did not accept Petitioner's version of events and convicted him on two counts.

After Petitioner was convicted and sentenced (his sentence was imposed on April 30, 2015) his trial counsel filed a timely notice of appeal. New counsel was subsequently appointed for the appeal. The notice of appeal is not part of this record. However, Petitioner represents that the notice of appeal listed two assignments of error to be briefed on appeal, one of which was the trial court's failure to provide him with a speedy trial in violation of his constitutional rights. (Doc. 1-5 at 3). Petitioner states that he instructed his attorney on a number of occasions to raise the speedy trial issue on appeal, but in the appellate brief only the following two assignments of error were raised:

    I.    THE TRIAL COURT/JURY ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN ENTERING A GUILTY VERDICT TO THE OFFENSES OF UNLAWFUL SEXUAL CONDUCT WITH A MINOR AS THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE CONVICTIONS.

    II.    THE TRIAL COURT/JURY ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN ENTERING A GUILTY VERDICT TO THE OFFENSES OF UNLAWFUL SEXUAL CONDUCT WITH A MINOR AS THE VERDICTS ARE NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.

According to Petitioner, when he received his copy of the appellate brief, he contacted his counsel and also attempted to file a *pro se* supplemental brief raising the speedy trial issue. (Doc. 1-1 at 5). The appellate court denied Petitioner leave to supplement the brief filed by counsel, and subsequently affirmed the conviction. *State v. Spencer, supra.*

Petitioner does not allege that he appealed that decision to the Ohio Supreme Court, and the records of that court do not indicate that he did so.

On April 7, 2015, before Petitioner's trial began, he filed a habeas corpus petition with the Supreme Court of Ohio raising his speedy trial claim.  He also asked the Supreme Court to enjoin the trial court from proceeding.  The habeas corpus petition was dismissed *sua sponte* on September 30, 2015.  According to the Ohio Supreme Court's docket in Case No. 2015-0552, available online at the Ohio Supreme Court's web site, several subsequent motions in that case, including a motion for clarification and reconsideration, were denied on December 30, 2015.

Petitioner filed his federal habeas corpus petition on May 10, 2016. In it, he raises the following claims for relief, stated as they appear in the petition:

A.    The Delaware County Common Pleas Court Failed to Bring the Petitioner to Trial Within Time Provided by Ohio's Speedy Trial Statute, Thereby Denying Petitioner Due Process and Equal Protection as Guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution

B.    The Trial Court's Denial of Speedy Trial Protection as Provided by R.C. §2945.71 through R.C. §2945.73 Violated the Petitioner's Due Process Rights Under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

C.    The Delaware County Prosecutor's Office Failed and/or Refused to Produce Three Electronic Devices on Which the Alleged Victim Made Nearly Forty Exculpatory Representations, Thereby Forcing the Petitioner to Repeatedly File Motions to Continue the Trial While Seeking to Obtain Exculpatory Evidence Contained on the Electronic Devices the Prosecutor in Violation of Petitioner's Rights Under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

-4-

D.  The Petitioner's Federal Constitutional Right to a Speedy Trial Was Denied by the Delaware County Common Pleas Court, and Prosecutor As Provided by the Sixth and Fourteenth Amendments to the United States Constitution.

E.  Delay in Convening Trial Against the Defendant Violated His Constitutional Right to a Speedy Trial as Guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

F.  In Denying Petitioner His Speedy Trial Protections as Afforded Him By the United States Constitution, the Trial Court Also Denied Petitioner Equal Protection of Law.

## II.  Procedural Default

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. §2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C.§ 2254(b), ©. If he fails to do so, but still has an avenue open to him by which he may present his claims, then his petition is subject to dismissal for failure to exhaust state remedies. *Id; Anderson v. Harless*, 459 U.S. 4, 6, 103 (1982)(per curiam) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust his claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas...." *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub,* 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. In the words used by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case-that is, they are "procedurally defaulted."

In the Sixth Circuit, a four-part analysis must be undertaken to determine whether a federal habeas claim is waived by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim

and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985). Turning to the fourth part of the *Maupin* analysis, in order to establish cause, petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Finally, a petitioner who makes a sufficiently-supported claim of actual innocence may be able to avoid a procedural default. *See Schlup v. Delo*, 513 U.S. 298 (1995).

Part of the procedural default analysis involves the requirement that a federal constitutional claim raised in a federal habeas corpus petition must have been "fairly presented" to the state courts. If not, that claim has, in essence, not been presented at all, and if the time for doing so has elapsed, the claim is procedurally defaulted. *Abshear v. Moore*, 354 Fed. Appx. 964 (6th Cir. Dec.3, 2009). As this Court has recognized, "[a] petitioner 'fairly presents' the 'substance of his federal habeas corpus claim' when the

-7-

state courts are afforded sufficient notice and a fair opportunity to apply controlling legal principles to the facts bearing upon the constitutional claim." *Cowans v. Bagley*, 236 F.Supp.2d 841, 857 (S.D. Ohio 2002), quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Conversely, if a habeas petitioner "presents an issue to the state courts under one legal theory, and then presents the issue to the federal courts under a different legal theory," the fair presentment requirement has not been satisfied; rather, "he must present to the federal court essentially the same facts and legal theories that were considered and rejected by the state courts." *Id.*, citing, *inter alia, Lorraine v. Coyle*, 291 F.3d 416, 425 (6th Cir. 2002). Consequently, the Court must determine whether Petitioner's claims were fairly presented to the state courts in a way that preserved them for federal habeas corpus review.

### III. Discussion

Although Petitioner presents six conceptually different claims, all of them are based on some version of the argument that he was denied his statutory or constitutional right to a speedy trial. As noted above, the only claims which were presented to the state court of appeals were claims relating to the sufficiency of the evidence. If, in order to preserve his speedy trial claims, Petitioner had to raise them on direct appeal, those claims have been procedurally defaulted. Consequently, the Court must determine if that was a requirement.

The Court begins with the state habeas corpus petition. In it, Petitioner did attempt to present his speedy trial claims directly to the Ohio Supreme Court.

-8-

However, in Ohio, the right of a defendant to a speedy trial is not cognizable in state habeas corpus. Rather, direct appeal following a conviction is the proper remedy for an alleged violation of speedy trial right. *Travis v. Bagley*, 92 Ohio St.3d 322 (2001). Consequently, the speedy trial claims raised in the state habeas corpus petition were not presented to the Ohio Supreme Court in such a way as to obtain a decision on their merits.

Petitioner also attempted to raise those claims in a supplemental appellate brief, but it was rejected by the state court of appeals. That rejection was based on state law. The Ohio Supreme Court has held that criminal defendants being represented by counsel do not have the right to "hybrid" representation, where the defendant essentially acts as co-counsel. *State v. Martin*, 103 Ohio St.3d 385 (2004); *see also State v. Beaver*, 119 Ohio App.3d 385 (Trumbull Co. 1997) (declining to consider assignments of error in appellant's supplemental *pro se* brief where appellant was represented by counsel). In denying Petitioner leave to supplement the appellate brief, the appellate court was following a state procedural rule which is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. *See Maupin, supra,* at 138. Additionally, Petitioner did not file an appeal to the Ohio Supreme Court raising the appellate court's refusal to consider his *pro se* brief, which is a separate procedural default.

Given that the speedy trial claims were not raised on direct appeal, no Ohio court would now consider them. Under *State v. Perry*, 10 Ohio St.2d 175 (1967), the doctrine

of *res judicata* would bar further consideration of these claims in the state courts.  Thus, a federal court cannot decide any of them on their merits.  *Maupin, supra* (holding that where a habeas petitioner fails to follow a valid state procedural rule dealing with the presentation of claims to the state courts, and that rule is regularly enforced, a federal court cannot hear the claims absent a showing "that there was 'cause' for [the petitioner] to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error"); *see also Stojetz v. Ishee,* 389 F.Supp.2d 858 (S.D. Ohio 2005) (failure to raise a claim on direct appeal is a procedural default and, under the *Maupin* analysis, justifies dismissal of that claim in federal habeas corpus).

Petitioner argues that the speedy trial issue was not raised on direct appeal due to his counsel's ineffectiveness.  However, that claim was never raised in the state courts.  In Ohio, such a claim may be raised in a motion for reconsideration directed to the state court of appeals, but the 90-day period for filing such a claim under Ohio App. R. 26(B) has long since passed.  Consequently, any claim to ineffective assistance of appellate counsel is also procedurally defaulted.  For this reason, Petitioner cannot rely on that argument as cause to excuse his procedural default. *See Murray v. Carrier*, 477 U.S. 478, 489 (1986) (holding that a claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default).

Finally, Petitioner has presented no evidence that he is actually innocent of the crimes for which he was convicted. That ground is also unavailable as a basis for

-10-

excusing the procedural default of his speedy trial claims.  Under these circumstances, the claims in the petition must be dismissed on grounds of procedural default.

## IV. Recommendation

For the reasons set forth above, the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus be DENIED and that this case be **DISMISSED**.

## V.  Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).  The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge

-11-